RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
7/16/15
yr

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JEFFREY GIBSON** | **DOCKET NO. 15-CV-1230; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **WILLIAM EARL HILTON, ET AL.** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Jeffrey Gibson filed the instant civil rights complaint on April 20, 2015, *in forma pauperis* and pursuant to 42 U.S.C. §1983. Plaintiff is a pretrial detainee, incarcerated at Rapides Parish Detention Center III in Alexandria, Louisiana. He seeks monetary compensation for the violation of his civil rights and asks that the jail remedy numerous problems identified by Plaintiff.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

In "Claim 1," Plaintiff alleges that, in June 2013, he was confined naked to a "strapdown chair" for eight days by Defendants Hilton and Dauzat. Plaintiff claims that he was denied hygiene, showers, and clothing during those eight days. He alleges that he suffered low back pain and bladder damage from lack of urination.

In "Claim 2," Plaintiff alleges that, in early June 2013, he was denied medical care for four days by defendants Greene, Hunter, Brown, Dauzat, and Hilton, for what was later diagnosed as a kidney

infection. He believes that he now has kidney damage from the delay in medical treatment. [Doc. #11, p.2]

Next Plaintiff complains about various conditions of his confinement. He alleges that, from approximately June 20, 2013, through July 20, 2013, he was held in isolation without clothing or shoes, without a mattress or blanket, and he suffered sleep deprivation and depression (Claim 3). [Doc. #11, p.2] He alleges that, from January to February 2014, he was housed in unreasonably cold temperatures without appropriate clothing or bedding (Claim 4). [Doc. #11, p.3] Plaintiff claims that from June 2013, through August 2014, he was deprived of exercise (Claim 5). [Doc. #11, p.4] He states that he was provided a total of six recreation calls of one hour during a fourteen-month period. [Doc. #1, p.13] Plaintiff complains that he was housed in "lock-down" for twenty-three hours per day from June 20, 2013, through August 2014 (Claim 6). [Doc. #11, p.4]

Plaintiff complains that, in May 2014, Defendants took a tour group of youth through the jail and stopped at Plaintiff's cell (Claim 7). He suffered embarrassment and other emotional injury as a result. [Doc. #1, p.15, Doc. #11, p.5]

Plaintiff complains that the officers failed to protect him from serious harm by other inmates in September 2014 (Claim 8). Plaintiff claims that Defendants placed him in the general population despite his classification as "protective custody." The

officers also informed the other inmates that Plaintiff was a rapist and snitch. [Doc. #1, 11] Plaintiff was attacked requiring emergency medical treatment at a hospital. [Doc. #11, p.5]

Plaintiff also lists various other complaints (Claim 9) such as: inmates not being provided with a copy of the prison handbook, existence of a confusing grievance form, overcrowding, black mold in showers, cells without working lights, mail tampering, lack of law library access, lack of reading materials, lack of clothing and shower shoes, terrorism by guards, and ineffective distribution of food, soap and medication. [Doc. #11, p.6]

### *Law and Analysis*

1. ***Claims 1 through 4***

Plaintiff alleges that, in June 2013, he was confined naked to a "strapdown chair" for eight days by Defendants Hilton and Dauzat (Claim 1); that, in early June 2013, he was denied medical care for four days (Claim 2); that, from approximately June 20, 2013, through July 20, 2013, he was held in isolation without clothing or shoes, without a mattress or blanket, and he suffered sleep deprivation and depression (Claim 3); and, that from January to February 2014, he was housed in unreasonably cold temperatures without appropriate clothing or bedding (Claim 4). [Doc. #11, p.2-3] These claims are prescribed. There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in §1983 claims. See

3

Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003).  In Louisiana, that limitation period is one year.  However, federal law is used to determine when a cause of action accrues.  Id. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."  Piotrowski, 51 F.3d 512, 516 (5th Cir. 1995), quoting Vigman v. Community National Bank and Trust Co., 635 F.2d 455, 459 (5th Cir. 1981).  Plaintiff had knowledge of his claim related to confinement in the strap-down chair in June 2013. He had knowledge in June 2013 of his delayed medical care claim. In June 2013, he had knowledge of his claim related to his four-week confinement in isolation.  His complaint regarding the cold temperatures from January to February 2014 were known to him at that time, as well.  Thus, he had until one year later to file suit as to each issue.  Plaintiff's lawsuit was not filed until April 2015, well after the expiration of the one-year limitations period. Although the limitations period can be tolled while exhausting administrative remedies, Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999), Plaintiff either did not properly exhaust, or he filed grievances without receiving responses. Either way, he did not file suit until well past the expiration of the statute of limitations.

2. ***Claims 7 and 9***

Next, Plaintiff complains that, in May 2014, Defendants took

4

a tour group of youth through the jail and stopped at Plaintiff's cell.  He suffered embarrassment and other emotional injury as a result. [Doc. #1, p.15, Doc. #11, p.5]  This claim is deficient under Section 1983 because Plaintiff fails to allege any "physical injury" sufficient to support his claim for compensatory damages.  Specifically, the Prison Litigation Reform Act of 1995 includes the following requirement in 42 U.S.C. § 1997e(e): "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury."  Plaintiff has alleged only emotional injury as a result of the tour group.  Likewise, Plaintiff has failed to allege any physical injury as a result of his "General Complaints" outlined in his amended complaint, such as overcrowding, mold in showers, cells without working lights, lack of reading materials, lack of clothing and shower shoes, "terrorism" by guards, and ineffective distribution of food, soap and medication. [Doc. #11, p.6]

 Plaintiff's claim regarding mail tampering (Claim 9-G) may implicate his right to free speech, and his complaint about the law library (Claim 9-H) could implicate his right to access the courts.  However, plaintiff does not state when his mail was tampered with, by whom, or what any defendant did to "tamper" with his mail.  Nor doe she state when he was deprived of access to the courts or how this caused him any harm.  His general allegations are conclusory

and inadequate to state a claim. A plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusations. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). To the extent that Plaintiff claims his mail was opened, a jail has a legitimate security interest in opening and inspecting incoming mail for contraband. <u>See</u> <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 413-414 (1989); <u>see also</u> <u>Turner v. Safley</u>, 482 U.S. 78, 91-92 (1987). Moreover, to the extent he complains about access to a law library, Plaintiff must also demonstrate that his position as a litigant was actually prejudiced. <u>See</u> <u>Eason v. Thaler</u>, 73 F.3d 1322, 1328 (5th Cir. 1996)(per curiam)(citing <u>Walker v. Navarro County Jail</u>, 4 F.3d 410, 413 (5th Cir. 1993)). Plaintiff has made no such allegations.

Plaintiff's claim regarding the lack of a prison handbook and the confusing grievance form do not state a claim for which relief can be granted as an inmate has no constitutional right to an administrative grievance procedure. <u>See e.g.</u>, <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir.1994); <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir.1991); <u>Flowers v. Tate</u>, Nos. 90-3742 and 90-3796, 1991 WL 22009, at *1 (6th Cir. Feb.22, 1991) (unpublished); <u>Wilkerson v. Champagne</u>, No. CIV.A. 03-1754, 2003 WL 22872106, at *3 (E.D. La. Nov. 28, 2003); <u>Jones v. Williams</u>, No. Civ. A. 4:99-CV-779-B, 2001

6

WL 283101, at *5 (N.D.Tex. Mar.19, 2001); Oladipupo v. Austin, 104 F.Supp.2d 626, 638 (W.D.La.2000); Ishaaq v. Compton, 900 F.Supp. 935, 940 (W.D.Tenn. 1995); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D.Va. 1994).

3. *Claims 5, 6, and 8*

Plaintiff's claim regarding the conditions of his confinement (deprivation of exercise and excessive lock-down) is not barred by the statute of limitations, nor is his failure to protect claim. Thus, service of process will be ordered as to those claims.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that all claims be dismissed against all defendants except Claims 5 and 6 (conditions of confinement/lockdown) and Claim 8 (failure to protect).

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge**

is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 16th day of July, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE